AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

☐ ☐ 2026

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | |
|---|---|
| United States of America<br>v.<br>Ramon Silverio Diaz-Martinez<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  2:26-MJ-18<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 28, 2026__ in the county of __Potter__ in the __Northern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8, United States Code, Section 1326(a) | Illegal Re-entry After Deportation or Removal |

This criminal complaint is based on these facts:
See attached affidavit

☒ Continued on the attached sheet.

_____
Complainant's signature

Eric D. Johnson, HSI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirement of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

Date: 1/29/26

_____
Judge's signature

City and state: Amarillo, TX

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF COMPLAINT
## Case No. 2:26-MJ-18

I, Eric Johnson, being duly sworn under oath, do hereby depose and state:

I am a Special Agent (SA) with the United States Department of Homeland Security, Homeland Security Investigations (HSI), I have been a sworn Federal Law Enforcement Officer since August 2020 and have been assigned to HSI in Amarillo, Texas since January 2023. I began my Federal Law Enforcement career as a Federal Agent with the United States Department of Energy, National Nuclear Security Administration (DOE/NNSA). I have training and experience in conducting investigations related to immigration crimes including illegal reentry into the United States after deportation in violation of Title 8, United States Code, Section 1326(a).

## Title 8, United States Code, Section 1326(a)

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or

1

national of the United States.  8 U.S.C. 1101(a)(3).

**Facts Establishing Probable Cause**

On January 28, 2026, HSI Special Agents along with Enforcement and Removal Operations (ERO) Deportation Officers located Ramon Silverio DIAZ-Martinez, incident to a traffic stop near 3572 S. Soncy Road in Amarillo, Potter County, Texas, which is in the Amarillo Division of the Northern District of Texas.  Immigration records revealed that DIAZ-Martinez is, and was on January 28, 2026, a citizen and national of Mexico by virtue of birth in Mexico.  Those records also showed that DIAZ-Martinez had been removed from the United States on or about, November 3, 2017, at or near, the Port of Departure, Paso Del Norte, near El Paso, TX.  Immigration records also showed that DIAZ-Martinez had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of that previous removal.

Eric D. Johnson
Homeland Security Investigations
Special Agent

2

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 29th day of January, 2026.

_LEE ANN RENO_
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

3